# EXHIBIT A
# (State Court Record)



# CT Corporation

**Service of Process Transmittal**
11/09/2021
CT Log Number 540553816

TO: Martha McMillan
PLTC Legal Department
223 HWY 70 E
GARNER, NC 27529

RE: **Process Served in Kentucky**

FOR: Hanging Rock LTC, LLC  (Domestic State: NC)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| TITLE OF ACTION: | Re: THE ESTATE OF GLADYS RAY // To: Hanging Rock LTC, LLC |
| DOCUMENT(S) SERVED: | -- |
| COURT/AGENCY: | None Specified<br>Case # 21CI006285 |
| NATURE OF ACTION: | Medical Injury - Improper Care and Treatment |
| ON WHOM PROCESS WAS SERVED: | C T Corporation System, Frankfort, KY |
| DATE AND HOUR OF SERVICE: | By Certified Mail on 11/09/2021 postmarked on 11/04/2021 |
| JURISDICTION SERVED : | Kentucky |
| APPEARANCE OR ANSWER DUE: | None Specified |
| ATTORNEY(S) / SENDER(S): | None Specified |
| ACTION ITEMS: | SOP Papers with Transmittal, via  UPS Next Day Air , 1ZX212780124667579 |
| REGISTERED AGENT ADDRESS: | C T Corporation System<br>306 W. Main Street<br>Suite 512<br>Frankfort, KY 40601<br>888-263-1128<br>LawFirmTeam1@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



| | | |
|---|---|---|
| AOC-E-105    Sum Code: CI<br>Rev. 9-14<br>Commonwealth of Kentucky<br>Court of Justice    Courts.ky.gov<br>CR 4.02; Cr Official Form 1 | <br>**CIVIL SUMMONS** | Case #: **21-CI-006285**<br>Court:  **CIRCUIT**<br>County: **JEFFERSON Circuit** |

*Plantiff,* **THE ESTATE OF GLADYS RAY VS. HANGING ROCK LTC, LLC DBA ESSEX**, *Defendant*

TO:  **CT CORPORATION SYSTEM**
      **306 WEST MAIN STREET, SUITE 512**
      **FRANKFORT, KY 40601**

Memo: Related party is HANGING ROCK LTC, LLC DBA ESSEX NURSING

The Commonwealth of Kentucky to Defendant:
**HANGING ROCK LTC, LLC DBA ESSEX NURSING**

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*Davis L. Nicholson*
Jefferson Circuit Clerk
Date: **11/4/2021**

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: _____

☐ Not Served because: _____

Date: _____, 20_____          Served By _____

                                          Title _____

Summons ID: 401942627064388@00000986348
CIRCUIT: 21-CI-006285 Certified Mail
THE ESTATE OF GLADYS RAY VS. HANGING ROCK LTC, LLC DBA ESSEX



Page 1 of 1

 

Filed          21-CI-006285    11/04/2021     David L. Nicholson, Jefferson Circuit Clerk

CASE NO. _____                     JEFFERSON CIRCUIT COURT
                                             JUDGE _____
                                                       DIVISION ____

*Electronically filed*

THE ESTATE OF GLADYS RAY, BY AND THROUGH ITS EXECUTRIX,
REBECCA KING                                                        **PLAINTIFF**

v.            **COMPLAINT WITH CERTIFICATE OF MERIT**

HANGING ROCK, LTC, LLC d/b/a ESSEX NURSING AND
REHABILITATION CENTER                                               **DEFENDANT**

    1435 Highway 258 North
    Kinston, NC 28504

    Serve:
    Agent for Service of Process
    CT Corporation System
    306 West Main St.
    Suite 512
    Frankfort, KY 40601

**************

Plaintiff, The Estate of Gladys Ray, by and through its' Executrix, Rebecca King, by counsel, and for her Complaint filed herein against Defendant Hanging Rock, LTC, LLC states as follows:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff is an Estate that was established by the Jefferson County District Court on January 12, 2021.

2. At such time, Ms. Rebecca King was appointed Plaintiff's Executrix. Said appointment is attached as Exhibit 1.

3. At all relevant times herein, Defendant, Hanging Rock, LTC, LLC was a North Carolina Corporation doing business within the Commonwealth of Kentucky under the assumed name Essex Nursing and Rehabilitation Center.

Filed          21-CI-006285    11/04/2021     David L. Nicholson, Jefferson Circuit Clerk



4. This Court has jurisdiction over this matter pursuant to KRS § 23A.010.

5. Venue is proper in this Court as the alleged negligence occurred in Jefferson County, Kentucky.

## FACTS

### Hanging Rock, LTC, LLC

6. Hanging Rock, LTC, LLC was incorporated in North Carolina on or about August 20, 2010.

7. On or about August 30, 2010, Hanging Rock, LTC, LLC received a Certificate of Authority to conduct business within the Commonwealth of Kentucky.

8. On or about September 1, 2010, Hanging Rock, LTC, LLC filed a Certificate of Assumed Name in the Commonwealth of Kentucky for the business name Essex Nursing and Rehabilitation Center (hereinafter referred to as "Essex").

9. At all times relevant herein, Essex operated a nursing facility pursuant to KRS 216.510 et seq. located at 9600 Lambourne Blvd., Louisville, KY 40272.

### Ms. Ray's Residence at Essex

10. On or about October 31, 2019, Ms. Gladys Ray broke her left hip when she fell off of the steps of her back porch at her home in Louisville, KY.

11. She underwent a surgical repair at Sts. Mary and Elizabeth Hospital.

12. On or about November 4, 2019, she was moved to Essex for rehabilitation services.

13. At the time of her transfer to Essex, Ms. Ray had the primary diagnoses of left hip fracture, generalized muscle weakness, and dementia w/confusion.

14. Upon admission to Essex, Ms. Ray's daughter (and now Executrix of her Estate) Ms. Rebecca King, spoke directly with the Administrator regarding Ms. Ray's condition and care.

15. Ms. King explained that Ms. Ray had dementia and that she often gets out of bed, which would be extremely dangerous given Ms. Ray's overall condition.

16. Ms. King requested that Essex utilize bed rails or a bed alarm in order to alert staff of Ms. Ray's movement and to prevent falls. The Administrator explained that Essex did not offer these fall prevention measures.

17. Ms. Ray underwent physical and occupational therapy assessments, among others, on November 5, 2019.

18. The physical therapy plan of care noted that she had a left hip fracture w/surgical repair, generalized muscle weakness, and difficulty in walking. It further provided that she needed to improve balance and fall recovery skills in order to decrease risk for falls. Finally, it noted that she was confused and that her safety awareness was severely impaired.

19. The occupational therapy plan of care noted that she had a left hip fracture w/surgical repair and generalized muscle weakness. It also noted that she had anemia and dementia and that she was experiencing increased confusion. Finally, it noted that Ms. Ray had deficits in toileting behavior and needed total assist to toilet.

20. Based upon her admission criteria and various evaluations upon admission, Essex prepared an overall plan of care document. This document identified a variety of Ms. Ray's individual needs, interventions Essex was to take in order to appropriately address her needs, and the date such interventions were to begin.



21. Importantly, many of Ms. Ray's needs were not properly considered or addressed, while others did not have interventions scheduled until it was too late. As a single glaring example, Ms. Ray required assistance with toileting but Essex did not even schedule appropriate interventions until after she was discharged.

22. In the early morning hours of November 8, 2019, Ms. Ray fell while attempting to get out of her bed to use the toilet.

23. She suffered a right femoral intertrochantric fracture with mild displacement.

24. She was immediately transferred to Sts. Mary and Elizabeth Hospital and underwent a right hip cephalomedullary nailing.

25. On November 12, 2019 she was discharged from Sts. Mary and Elizabeth Hospital to Park Terrace Health Campus for rehabilitation.

26. Ms. Ray passed away on October 24, 2020.

## CLAIMS

### COUNT I
### NEGLIGENCE AND/OR RECKLESS CONDUCT

27. PLANTIFF realleges and reaffirms each and every averment contained in numerical paragraphs 1 to 26 of the Complaint filed herein as if fully written out herein.

28. DEFENDANT had a duty to provide reasonable and ordinary care and to exercise the degree and skill required of long-term healthcare facilities in the Commonwealth of Kentucky and care that was consistent with the expertise that DEFENDANT presented to the community at large.

29. DEFENDANT failed to provide such care to PLAINTIFF's decedent, Ms. Ray, in such a negligent, grossly negligent and with reckless disregard to Ms. Ray's

Filed          21-CI-006285      11/04/2021      David L. Nicholson, Jefferson Circuit Clerk

well-being as to deviate from the acceptable standards of care of a reasonable and prudent nursing home or a long-term healthcare facility.

30. Importantly, but not exclusively, despite having ample notice of Ms. Ray's comorbidities, her propensity to attempt to get out of bed, and her issues with incontinence and poor toileting skills, Essex failed to take reasonable, proper and appropriate steps to mitigate these risks prior to her fall and is therefore liable for Ms. Ray's injuries.

31. As a direct and proximate result of the above negligence, carelessness and/or recklessness, PLAINTIFF's decedent incurred medical expenses, suffered physical and mental pain, mental anguish, humiliation and sustained loss of the enjoyment of her life.

32. PLAINTIFF'S damages exceed the minimum jurisdictional amount for this Court.

## COUNT II
## VIOLATION OF KRS 216.515

33. PLANTIFF realleges and reaffirms each and every averment contained in numerical paragraphs 1 to 32 of the Complaint filed herein as if fully written out herein.

34. DEFENDANT violated several of Ms. Ray's statutory rights pursuant to KRS 216.515 as a patient at the facility owned and/or operated by DEFENDANT.

35. As a direct and proximate result of the above violations, PLAINTIFF'S decedent incurred medical expenses, suffered physical and mental pain, mental anguish, humiliation and sustained loss of the enjoyment of her life.

36. Pursuant to KRS 216.515(26), PLAINTIFF is entitled to recover actual and punitive damages for said deprivations or infringements of her statutory rights.

Filed          21-CI-006285      11/04/2021      David L. Nicholson, Jefferson Circuit Clerk



37. Pursuant to KRS 216.515(26), PLAINTIFF is entitled to recover reasonable attorney's fees, costs and damages for said deprivations or infringements of her statutory rights.

38. PLAINTIFF'S damages exceed the minimum jurisdictional amount for this Court.

## COUNT III
## NEGLIGENCE PER SE

39. PLANTIFF realleges and reaffirms each and every averment contained in numerical paragraphs 1 to 38 of the Complaint filed herein as if fully written out herein.

40. DEFENDANT had a duty to comply with all the above cited statutes.

41. Ms. Ray was a member of the class of persons that the above statutes were enacted to protect, thereby allowing PLAINTIFF to adopt said statutes and any regulations promulgated under said statutes as the standard of care for measuring DEFENDANT'S conduct.

42. DEFENDANT failed to comply with the above cited statutory duty of care, and as a direct and proximate result of the above failures, PLAINTIFF's decedent incurred medical expenses, suffered physical and mental pain, mental anguish, humiliation and sustained loss of the enjoyment of her life.

43. PLAINTIFF'S damages exceed the minimum jurisdictional amount for this Court.

## COUNT IV
## BREACH OF CONTRACT

44. PLAINTIFF realleges and reaffirms each and every averment contained in numerical paragraphs 1 to 43 of the Complaint filed herein as if fully written out herein.

Filed          21-CI-006285     11/04/2021      David L. Nicholson, Jefferson Circuit Clerk

45. DEFENDANT and Ms. Ray entered into a fully binding and enforceable contract whereby DEFENDANT was obliged to provide adequate care to Ms. Ray consistent with the applicable state and federal statutes and regulations and the acceptable standards of care of a reasonable and prudent nursing home or a long-term healthcare facility.

46. DEFENDANT breached said contract by failing to provide such care to Ms. Ray.

47. Accordingly, PLAINTIFF seeks to recover all amounts paid to DEFENDANT for Ms. Ray's care.

48. PLAINTIFF'S damages exceed the minimum jurisdictional amount for this Court.

**WHEREFORE**, Plaintiff, ESTATE OF GLADYS RAY, demands as follows:

1. Judgment against Defendant, in such an amount that will fairly compensate PLAINTIFF for its above injuries, with interest thereon at the highest legal rate for the maximum duration allowed by law;

2. Trial by jury;

3. For its costs expended herein; and

4. For any and all other relief to which Plaintiff may be entitled, including the right to amend this Complaint if such should become necessary.

WALKER WALLACE PLC

/s/Mark B. Wallace
Mark B. Wallace
7403 St. Andrews Church Road
Louisville, KY 40214
Phone No.: 502.937.1125
mwallace@walkerwallacelaw.com
*Counsel for Plaintiff*

Filed          21-CI-006285     11/04/2021      David L. Nicholson, Jefferson Circuit Clerk



Filed                21-CI-006285        11/04/2021        David L. Nicholson, Jefferson Circuit Clerk

## CERTIFICATE OF MERIT

Comes the undersigned, Mark B. Wallace, counsel for Plaintiff, and states as follows:

The undersigned has reviewed the facts of the case and has consulted with at least one (1) expert qualified pursuant to the Kentucky Rules of Civil Procedure and the Kentucky Rules of Evidence who is qualified to give expert testimony as to the standard of care or negligence and believes is knowledgeable in the relevant issues involved in the particular action, and has concluded on the basis of review and consultation that there is reasonable basis to commence the action.

/s/Mark B. Wallace
Mark B. Wallace

Filed   21-CI-006285   11/04/2021   David L. Nicholson, Jefferson Circuit Clerk

Filed   20-P-00485?   11/20/2020   David L. Nicholson, Jefferson Circuit Clerk

AOC-805
Rev. 2-17
Page 3 of 3

IN RE: Estate of GLADYS RAY

## ORDER

☑ Petition filed this 20 day of November, 2020.

☑ Will tendered this 10 day of December, 2020.

Upon hearing, the Will offered was proven by Self Proving and ORDERED PROBATED as the Last Will and Testament of Decedent this ___ day of JAN 12 2021, 2___.

The Court appoints: REBECCA KING as ☑ Executor/Executrix OR

☐ Administrator/Administratrix of said estate and fixes bond in the sum of $ 1,000   ☐ with surety OR

☑ without surety.

JAN 12 2021
Date

Judge's Signature

ENTERED IN COURT
DAVID L. NICHOLSON CLERK
JAN 12 2021
BY_____
DEPUTY CLERK

Presiding Judge: HON. JESSICA A. MOORE (730068)

Distribution: Case File
Revenue Cabinet

Filed   20-P-004857   11/20/2020   David L. Nicholson, Jefferson Circuit Clerk
Filed   21-CI-006285   11/04/2021   David L. Nicholson, Jefferson Circuit Clerk

PWF : 000004 of 000004



Filed     21-CI-006285     11/04/2021     David L. Nicholson, Jefferson Circuit Clerk
Filed     20-P-004857     11/20/2020     David L. Nicholson, Jefferson Circuit Clerk

| AOC-807   Doc. Code: CQ | | |
|---|---|---|
| Rev. 6-10 Page 1 of 1 Commonwealth of Kentucky Court of Justice www.courts.ky.gov | **CERTIFICATE OF QUALIFICATION** | Case No. _____ Court ____District____ County ___Jefferson___ |

IN Re: Estate of GLADYS RAY

Proper petition having been filed and the Court having appointed REBECCA KING

as EXECUTRIX

of the above estate on the _____ day of  JAN 1 2 2021 , 2__, and the fiduciary having

filed in Court bond in the sum of $ 1,000 _____, the amount fixed, with Out

_____ as surety,

which was approved by the Court, said fiduciary was thereupon duly sworn as required by law and thus qualified on the above date.

The above Order and Qualification is in full force and effect this     JAN 1 2 2021
_____
(Date)

Attest: ~~CERTIFIED COPY OF RECORD OF JEFFERSON DISTRICT COURT~~ _____ Clerk
By: ~~DAVID L. NICHOLSON, CLERK~~
    DAVID L. NICHOLSON, CLERK
    BY: /s/ _____ D.C.
    Deputy Clerk

Presiding Judge: HON. JESSICA A. MOORE (730069)

Filed     20-P-004857     11/20/2020     David L. Nicholson, Jefferson Circuit Clerk
Filed     21-CI-006285     11/04/2021     David L. Nicholson, Jefferson Circuit Clerk